UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SYNTEGRAL CONSULTING CORPORATION,              :
d/b/a HIP HOP GRUB SPOT, a Florida corporation  :   Civil Action No.:
and MIRIAM CHERY,                               :   10-CIV-1847 (CM)
                                                :
                        Plaintiffs,             :
                                                :
        -against-                               :
                                                :
KEITH CLINKSCALES, LAMONTE JONES,               :
V. BROWN COMPANY, a New York                    :
Corporation d/b/a KTC VENTURES, INC.,           :
PEPSICO, INC., a North Carolina corporation,    :
and ESPN, INC., a Delaware corporation,         :
                                                :
                        Defendants.             :
-------------------------------------------------------------------X

## DEFENDANTS PEPSICO, INC. AND LAMONTE JONES' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

**LUBOJA & THAU, LLP**
Jonathan C. Thau (JT 6014)
Erika L. Altman (EA 7803)
10 East 40th Street, 30th Floor
New York, NY 10016
(212) 779-9800
(212) 252-0457 (fax)
jthau@lubojathau.com
ealtman@lubojathau.com

*Attorneys for PepsiCo, Inc. and LaMonte Jones*

# TABLE OF CONTENTS

**Page**

Table of Authorities..................................................................................................ii

Preliminary Statement..............................................................................................1

Factual Background.................................................................................................1

Argument.................................................................................................................4

I.  The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)..................4

    A.  The Complaint Fails to State a Claim for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing..........................................4

    B.  The Complaint Fails to State a Claim for Tortious Interference ......................5

    C.  The Complaint Fails to State a Claim for Detrimental Reliance......................6

    D.  PepsiCo and Mr. Jones Breached No Duty to Plaintiffs..............................6

    E.  Plaintiffs Have Not Properly Alleged Fraudulent Misrepresentation................7

    F.  Plaintiffs Have Not Properly Pled a Claim for Conversion...........................8

    G.  Plaintiffs' Claim for Quantum Meruit Fails..............................................8

II.  Plaintiffs Fail to Demonstrate That The Court Has Personal Jurisdiction Over LaMonte Jones Pursuant to Fed. R. Civ. P. 12(b)(2)..............................................9

Conclusion..............................................................................................................11

## TABLE OF AUTHORITIES

## CASES

Pages(s)

<u>Adams v. Washington Group, LLC</u>,
    No. 40621/2004, 11 Misc.3d 1083(a) (N.Y. Sup.Ct. April 19, 2006)..........................6

<u>Anscombe Broadcasting Group, Ltd. v. RJM Commc'n, Inc.</u>,
    No. 03 Civ. 0306A, 2004 WL 2491641 (W.D.N.Y. Nov. 3, 2004)..........................6

<u>Berman v. Sugo LLC</u>,
    580 F. Supp.2d 191 (S.D.N.Y. 2008).............................................................4

<u>Bridgestone/Firestone Inc. v. Recovery Credit Services, Inc.</u>,
    98 F.3d 13 (2d Cir. 1996).............................................................................7

<u>Decker v. Massey-Ferguson Ltd.</u>,
    681 F.2d 111 (2d Cir. 1982).........................................................................7

<u>Ellis v. Provident Life & Accident Ins. Co.</u>,
    3 F.Supp2d 399 (S.D.N.Y. 1998)..................................................................5

<u>Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.</u>,
    375 F.3d 168 (2d Cir. 2004).........................................................................4

<u>Fiorenti v. Central Emergency Physicians, PLLC</u>,
    762 N.Y.S.2d 402, 305 A.D.2d 453 (2d Dep't 2003).........................................8

<u>Fusco v. Fusco</u>,
    829 N.Y.S.2d 138, 36 A.D.3d 589 (2d Dep't 2007).........................................6

<u>In Re Boice</u>,
    226 A.D.2d 908, 640 N.Y.S.2d 681 (3d Dep't 1996).......................................5

<u>Kurtzman v. Bergstol</u>,
    835 N.Y.S.2d 644, 40 A.D.3d 588 (2d Dep't 2007).........................................6

<u>LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham</u>,
    185 F.3d 61, (2d Cir. 1999).........................................................................8

<u>Manning v. Utilities Mut. Ins. Co., Inc.</u>,
    254 F.3d 387 (2d Cir. 2001).........................................................................7

<u>Papasan v. Allian</u>,
    478 U.S. 265 (1986)...................................................................................4

Patel v. Patel,
    497 F.Supp.2d 419 (E.D.N.Y. July 14, 2007).................................................10

Rombach v. Chang,
    355 F.3d 164 (2d Cir. 2004)..............................................................................7

Scheuer v. Rhodes,
    416 U.S. 232 (1974).........................................................................................4

United Magazine Co. v. Murdoch Magazines Distribution, Inc.,
    146 F.Supp.2d 385 (S.D.N.Y 2001)..................................................................5

Volt Delta Resources LLC v. Soleo Comm's Inc.,
    2006 WL 800791 (N.Y. Sup. Ct. Mar. 29, 2006)..............................................8

## STATUTES

Fed. R. Civ. P. 9(b)................................................................................................7

Fed. R. Civ. P. 12(b)(2).......................................................................................1, 9

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 4

N.Y. C.P.L.R. §302................................................................................................9

## PRELIMINARY STATEMENT

Defendants PepsiCo, Inc. ("PepsiCo") and LaMonte Jones, by their attorneys, Luboja & Thau, LLP, respectfully submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint ("the Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Mr. Jones.

As described below, and in the accompanying Affidavit of individual defendant LaMonte Jones ("Jones Affidavit"), plaintiffs can articulate no legally recognized basis for any claim against either PepsiCo or Mr. Jones. As plaintiffs implicitly concede, there was never any express or implied contract between plaintiffs and PepsiCo. Plaintiffs have failed to plead that either PepsiCo or Mr. Jones owed any duty to plaintiffs. Further, plaintiffs have failed to plead any recognizable causes of action against PepsiCo or Mr. Jones.

The Complaint also should be dismissed against Mr. Jones for lack of personal jurisdiction. Mr. Jones did not even work for PepsiCo during the time of the alleged event, and Mr. Jones, who lives and works in Georgia, is not even subject to personal jurisdiction in this Court. Since the one contact between a representative of plaintiffs and Mr. Jones occurred in Florida, not New York, it also does not appear that plaintiffs have a reasonable basis to have brought this case against these parties in this Court.

## FACTUAL BACKGROUND

Although the Complaint is lengthy and names lots of names, the Complaint as against PepsiCo and Mr. Jones is most notable for what plaintiffs do <u>not</u> say. Plaintiffs do not allege that they ever entered into any contract with PepsiCo. Plaintiffs do not allege that they had any

1

"special relationship" with PepsiCo such that they would have had any reason to act to their detriment based on any oral communication with an employee of PepsiCo.

Nor do plaintiffs explain how anything that individual defendant Jones may have done could have bound PepsiCo when defendant Jones at all times has worked for a separate public company, Bottling Group, LLC, otherwise known as "PBG." (Jones Aff. ¶ 3). In 2010 PepsiCo acquired PBG; however, even today PBG and PepsiCo remain distinct legal entities. In any event, this acquisition was long after the events about which the plaintiffs are complaining. As discussed in Mr. Jones' accompanying Affidavit, the other individual who plaintiffs claim to have acted on PepsiCo's behalf, Gregory Johnson, was also an employee at the time of PBG, not the defendant, PepsiCo. (Jones Aff. ¶ 10).

Perhaps because they cannot establish any legal basis for imposing a contractual obligation on PepsiCo, plaintiffs never clearly articulate how it is that they could seek to impose liability upon PepsiCo based on PepsiCo's alleged promise to invest in the "Hip Hop Grub Spot" restaurant. PepsiCo itself never had any contractual relationship whatsoever with Hip Hop Grub Spot. PBG, which plaintiffs have not sued in this case, did have a business relationship with the Hip Hop Grub Spot, but that relationship had nothing to do with PBG – let alone PepsiCo – making an equity investment in the restaurant, or promising to fund a chain of such restaurants.

Rather, PBG had contracted with Hip Hop Grub Spot to provide that restaurant with Pepsi products, and a cooler. (Jones Aff. ¶ 11). Helping a restaurant to sell Pepsi products, however, plainly is not the same thing as committing to make an equity investment in that restaurant, and/or financing the expansion of that restaurant into a restaurant chain.

Although it is extremely difficult to understand what it is that plaintiffs are complaining about, it appears that plaintiffs contend that PepsiCo somehow led them to believe it would make

2

an investment in their restaurant, or a proposed restaurant chain, because of a brief communication that Mr. Jones had in the state of Florida in 2007. (Jones Aff. ¶ 9). As described in the Jones Affidavit, this face to face chat, which apparently lasted all of five minutes, occurred at a "meet and greet" involving racecar driver Jeff Gordon. (Jones Aff. ¶ 13). As stated in the Jones Affidavit, pleasantries were exchanged but no contract was entered to invest in plaintiffs' business. Nor is it even remotely conceivable that any such contract would have been entered into during this brief "meet and greet."

In what appears to be an effort to show that plaintiffs somehow were led to believe that PepsiCo was going to invest in the Hip Hop Grub Spot, plaintiffs attach to their Complaint in Exhibit "E" a few emails from LaMonte Jones and Gregory Johnson. On their face, however, the emails say nothing about <u>investing</u> in the Hip Hop Grub Spot. Rather, these unremarkable emails simply indicate that PBG hoped to help the restaurant in promoting the sale of Pepsi products. (Jones Aff. ¶ 12). Helping a restaurant to sell Pepsi products was obviously a standard part of PBG's dealings with restaurants.

Given the facts of this matter plaintiffs cannot state any legally recognized claim against either PepsiCo or Mr. Jones. Plaintiffs do not present even a scintilla of evidence in their Complaint that they had any contractual relationship or dealings with the corporate defendant PepsiCo. Plaintiffs have attached no communication from PepsiCo, plaintiffs do not properly allege any business dealings with PepsiCo, and plaintiffs have not shown how the (limited) dealings between them and Mr. Jones and/or Mr. Johnson could possibly bind PepsiCo when both of those individuals worked for a <u>separate</u> public company, PBG. Under the circumstances there is no legally recognizable relationship between plaintiffs and PepsiCo, and all plaintiffs' claims against PepsiCo should be dismissed as a threshold matter on that basis alone.

## ARGUMENT

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must generally accept the factual allegations of the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the Court is not bound to accept mere legal conclusions couched as factual allegations. Papasan v. Allian, 478 U.S. 265, 286 (1986).

### I. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).

#### A. The Complaint Fails to State a Claim for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing

A plaintiff seeking to prove a claim for breach of contract or breach of covenant of good faith and fair dealing must first demonstrate the existence of a valid contract.

Under New York law, the elements of a breach of contract claim are (1) the existence of a contract; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages. See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 177 (2d Cir. 2004). Here, plaintiffs nowhere allege that they ever entered into any contract with PepsiCo or Mr. Jones (who did not even work for PepsiCo during the time of the underlying events), nor do plaintiffs put forth any evidence of any such contract. Berman v. Sugo LLC, 580 F. Supp.2d 191 (S.D.N.Y. 2008) (stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract under New York law).

In the absence of a written contract, a contract may be implied where "inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct." Ellis v. Provident Life & Accident Ins. Co., 3 F.Supp.2d 399 (S.D.N.Y.1998) (quoting In Re Boice, 226 A.D.2d 908, 910, 640 N.Y.S.2d 681 (3d Dep't 1996)). As set forth in

his Affidavit, Mr. Jones had no intention to invest in the Hip Hop Grub Spot restaurant chain itself. (Jones Aff. ¶ 12). Further, neither he nor his colleague Mr. Johnson were employees of PepsiCo at the time, and neither would have had actual or apparent authority to bind PepsiCo to anything. (Jones Aff. ¶¶ 3, 10). Plaintiffs cannot point to a single statement from anyone at PepsiCo or PBG, including PBG employees Jones and Johnson, that could be viewed as a representation of PepsiCo's intention to invest in plaintiffs' business.

Plaintiffs' claims for breach of the covenant of good faith and fair dealing are based upon the same facts as plaintiffs' breach of contract claim, and likewise are deficient as a matter of law. It is axiomatic that a claim for breach of the covenant of good faith and fair dealing cannot survive absent the existence of a valid contract. United Magazine Co. v. Murdoch Magazines Distribution, Inc., 146 F.Supp.2d 385 (S.D.N.Y 2001) (cause of action for breach of implied covenant of good faith and fair dealing properly dismissed for lack of a valid and binding contract from which such a duty would arise).

Because they cannot establish any legal basis for imposing a contractual obligation on PepsiCo or Mr. Jones, plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing fail as matter of law and should be dismissed. Berman v. Sugo LLC, supra, (a claim that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal).

### B.  The Complaint Fails to State a Claim for Tortious Interference

Under New York law "[t]ortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." Fusco v. Fusco,

829 N.Y.S.2d 138, 36 A.D.3d 589 (2d Dep't 2007). Plaintiffs here fail to state a claim for tortious interference because they fail to i) identify any valid contract, ii) demonstrate PepsiCo's or Mr. Jones' knowledge of any such contract with a third-party, and iii) allege any intentional act by PepsiCo or Mr. Jones to interfere with such contract. Accordingly, the claim for tortious interference should be dismissed.

### C.    The Complaint Fails to State a Claim for Detrimental Reliance

New York law does not recognize an independent cause of action for detrimental reliance. Adams v. Washington Group, LLC, No. 40621/2004, 11 Misc.3d 1083(a) (N.Y. Sup. Ct. April 19, 2006). See also Anscombe Broadcasting Group, Ltd. v. RJM Commc'n, Inc., No. 03 Civ. 0306A, 2004 WL 2491641, at *6 (W.D.N.Y. Nov. 3, 2004) (alleging detrimental reliance does not state a claim for which relief can be granted because detrimental reliance is an element of a fraud claim, rather than a separate theory for recovery). Because there is no recognized cause of action in New York for detrimental reliance, plaintiffs' purported claim based on that theory should be dismissed.

### D. PepsiCo and Mr. Jones Breached No Duty to Plaintiffs

Plaintiffs have not alleged facts sufficient to establish that PepsiCo or Mr. Jones owed any fiduciary duty to plaintiffs. In order to establish a breach of fiduciary duty, plaintiffs must allege the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct. Kurtzman v. Bergstol, 835 N.Y.S.2d 644, 40 A.D.3d 588 (2d Dep't 2007). Plaintiffs have only summarily alleged that PepsiCo and Mr. Jones owed a fiduciary duty to them, but they nowhere explain the basis for such allegations, or the acts of alleged misconduct. (Complaint ¶ 69).

Plaintiffs do not state, and could not prove, the existence of any relationship whatsoever with PepsiCo. Indeed, their business dealings at the time with Messrs. Jones and Johnson were with PBG, not PepsiCo. Thus, plaintiffs' fiduciary duty claims necessarily fail.

### E.   Plaintiffs Have Not Properly Alleged Fraudulent Misrepresentation

To establish a claim for fraudulent misrepresentation under New York Law, a plaintiff must show that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." Manning v. Utilities Mut. Ins. Co., Inc., 254 F.3d 387 (2d Cir. 2001) (quoting Bridgestone/Firestone Inc. v. Recovery Credit Services, Inc., 98 F.3d 13 (2d Cir. 1996).

Plaintiffs summarily allege that Mr. Jones' alleged "promises and assurances of PepsiCo commitment to the HHGS venture were intentionally false when made" (Complaint ¶ 73). Fed. R. Civ. P. 9(b) requires that allegations of fraud be pled with particularity. "Conclusory allegations that [a party's] conduct was fraudulent or deceptive are not enough." Decker v. Massey-Ferguson Ltd., 681 F.2d 111 (2d Cir. 1982). In alleging fraudulent misrepresentation, plaintiffs must detail the statements they contend are fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements are fraudulent. Rombach v. Chang, 355 F.3d 164 (2d Cir. 2004). Nowhere in the Complaint do plaintiffs identify any statements made by PepsiCo or Mr. Jones which they contend were fraudulent. Thus, plaintiffs' summary allegations fail, and the fraudulent misrepresentation claim should be dismissed.

7

F.  **Plaintiffs Have Not Properly Pled a Claim for Conversion.**

Plaintiffs allege that "defendants' unlawful conversion of the funds and resources provided by the Investment Committee without the Investment Committee's consent or lawful cause constitutes conversion and a wrongful taking of... property." (Complaint ¶ 77) This one paragraph is the entire "substantive" allegation of the claim. "[T]o establish a cause of action in conversion, the [plaintiff] must show legal ownership or an immediate superior right of possession to a *specific identifiable thing* and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiff's rights." Fiorenti v. Central Emergency Physicians, PLLC, 762 N.Y.S.2d 402, 305 A.D.2d 453 (2d Dep't 2003) (emphasis added).

Plaintiffs have failed in the most basic pleading requirements for conversion: they have not identified a legal right in a piece of property, they have not made the obligatory allegation that PepsiCo or Mr. Jones denied them that right, and they have totally failed to identify what "specific identifiable thing" was supposedly converted. Volt Delta Resources LLC v. Soleo Comm's Inc., 2006 WL 800791 (N.Y. Sup. Ct. Mar. 29, 2006) ("The plaintiff must allege that the defendant converted a specific, identifiable piece of property in order to sustain the cause of action"). Plaintiffs thus fail to successfully plead a claim for conversion.

G.  **Plaintiffs' Claim for Quantum Meruit Fails**

To state a cause of action to recover in quantum meruit under New York law, a party must allege "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefore, and (4) the reasonable value of the services." LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham,

8

185 F.3d 61, 66 (2d Cir. 1999). Nowhere in the Complaint lies any allegation that plaintiffs performed any services on behalf of PepsiCo or Mr. Jones for which they would reasonably have expected to be compensated. Thus, this claim, too, must fail.

## II. PLAINTIFFS FAIL TO DEMONSTRATE THAT THE COURT HAS PERSONAL JURISDICTION OVER LAMONTE JONES PURSUANT TO RULE 12(B)(2).

As described in Mr. Jones' Affidavit, during the time of the underlying events he lived and worked in Atlanta, Georgia. The one brief contact that he had with a representative of the plaintiffs took place in Florida. (Jones Aff. ¶ 2). This one brief communication had no relationship whatsoever with the state of New York.

New York's long-arm jurisdiction statute, C.P.L.R. §302, requires some minimal contact with the State of New York as a basis for personal jurisdiction over an out-of-state defendant. In order to exercise personal jurisdiction over a non-domiciliary, a defendant must (1) transact business within New York or contract to supply goods or services within New York, (2) commit a torious act within New York, (3) commit a tortious act outside of New York as long as he i) regularly does business or derives substantial revenue in the state or ii) reasonably expects the act to have consequences in New York, or (4) owns real property within the state. C.P.L.R. §302(a).

Plaintiffs' allegation that "personal jurisdiction of this Court over LaMonte Jones is proper as he, in his professional capacity, regularly conducts business within this judicial district" is completely without merit. (Complaint at ¶ 11). Plaintiffs fail to allege a single act of business conducted by Mr. Jones in New York. As described in greater detail in his Affidavit, although Mr. Jones coincidentally had worked for a time out of the corporate headquarters of PBG (but not PepsiCo) in New York, even during that period he lived in the state of Connecticut,

9

and since joining PBG in 1996 has been a resident of either Georgia or North Carolina. Mr. Jones has never owned real property in New York. (Jones Aff. ¶¶ 4-5).

At all times relevant to the allegations in plaintiffs' Complaint Mr. Jones was the Director of Multicultural Marketing for PBG in its Southeastern Business Unit, which is based in Atlanta, Georgia. (Jones Aff. ¶ 9). In this role, Mr. Jones often would visit different states/cities within his region. New York was <u>not</u> within his territory. During the period of time apparently at issue in this case Mr. Jones did not transact business within New York, or contract to supply goods or services within New York. During this period Mr. Jones visited New York on only a few occasions, and never in regard to anything having to do with the events apparently underlying this case. (Jones Aff. ¶ 7).

Plaintiffs do not allege at any point that Mr. Jones engaged in any personal wrongdoing, or acted outside the scope of his responsibilities at PBG. It thus does not appear that plaintiffs have any basis for any legally recognized claim against Mr. Jones personally in any event. See Patel v. Patel, 497 F.Supp.2d 419 (E.D.N.Y. July 14, 2007) (in order to confer personal jurisdiction over a non-resident individual defendant, the individual must be "doing business" in New York personally, and not on behalf of a corporation.) Under any circumstances, plaintiffs can state no basis for asserting a claim against Mr. Jones personally here in New York.

In short, Mr. Jones could not have reasonably anticipated being hauled into court in New York. He did not regularly conduct business in New York, he did not avail himself of the laws of New York, and plaintiffs' causes of action did not arise from Mr. Jones' activities within the state. This Court thus lacks personal jurisdiction over Mr. Jones, and plaintiffs' claims against him should be dismissed.

## CONCLUSION

Although plaintiffs apparently have taken several stabs at attempting to draft a legally sufficient Complaint, they have failed totally to state any accepted claim for relief against either PepsiCo or Mr. Jones. Plaintiffs can point to no contract between them and PepsiCo, they never show how Mr. Jones and Mr. Johnson - - employees at the time of a <u>separate</u> public company - - made any representations that could bind PepsiCo to anything, and plaintiffs cannot show any basis to sue Mr. Jones personally anywhere, let alone in the state of New York. Under all these circumstances we respectfully ask this Court to grant the motions of PepsiCo and Mr. Jones for an order dismissing all the claims against them with prejudice.

Dated: New York, New York
July 15, 2010

                Respectfully submitted,

                LUBOJA & THAU, LLP

                By: _____
                Jonathan C. Thau (JT 6014)
                Erika L. Altman (EA 7803)
                10 East 40th Street, 30th Floor
                New York, NY 10016
                (212) 779-9800
                (212) 252-0457 (fax)
                jthau@lubojathau.com
                ealtman@lubojathau.com

                *Attorneys for PepsiCo, Inc. and*
                *LaMonte Jones*