UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SYNTEGRAL CONSULTING CORPORATION,            :
d/b/a HIP HOP GRUBSPOT, a Florida corporation   :   Civil Action No.:
and MIRIAM CHERY,                             :   10-CIV-1847 (CM)
                                              :
                   Plaintiffs,          :
                                              :
         -against-                          :
                                              :
KEITH CLINKSCALES, LAMONTE JONES,             :
V. BROWN COMPANY, a New York                  :
Corporation d/b/a KTC VENTURES, INC.,         :
PEPSICO, INC., a North Carolina corporation,  :
and ESPN, INC., a Delaware corporation,       :
                                              :
                 Defendants.          :
-------------------------------------------------------------X

## LAMONTE JONES AFFIDAVIT

LaMonte Jones, being duly sworn, states:

(1) I understand that I have been named personally as a defendant in this case. I am submitting this Affidavit in support of my motion to dismiss me from the case on the grounds that the Court does not have personal jurisdiction over me. As my attorneys are discussing in their accompanying memorandum of law, I also understand that the plaintiffs could not state a legally sufficient claim for relief against me even if this Court had personal jurisdiction over me.

(2) As described in greater detail below, I live and work in Georgia. In addition, I did not even work during the period that apparently is at issue in this case for the corporate defendant for whom I am alleged to have acted, PepsiCo, Inc. Moreover, the only contact that I can recall having with any representative of the plaintiffs in this case - - a communication that

lasted no more than 5 minutes or so, and had nothing whatsoever to do with the matters about which the plaintiffs apparently are complaining in this case - - took place in the state of Florida.

(3)     At all times, including during the period apparently at issue in this case, I have been employed by a company called Bottling Group, LLC d/b/a Pepsi Bottling Group ("PBG"), not PepsiCo. PBG (which has not been named as a party to this case) and PepsiCo (which has been named as a defendant) have each been large, separate publicly traded companies. In 2010 PepsiCo acquired PBG; however, even today PBG and PepsiCo remain distinct legal entities. I understand that this acquisition was long after the events about which the plaintiffs are complaining. In addition, as described below, it was long after the one, and very brief, face-to-face communication I had with a representative of the plaintiffs here, the minimal contact upon which plaintiffs apparently believe they can bring a lawsuit against me personally.

(4)     I began working for PBG in or about February 1996. I was employed continuously by PBG thereafter until PBG was acquired by PepsiCo earlier this year. From 1996 to 2005 I lived and worked in North Carolina. During the period that I understand is relevant to this proceeding I lived and worked in Atlanta, Georgia, and I continue to live and work in Georgia.

(5)     For a period from roughly October 2005 to September 2006, PBG did have me work principally out of its corporate headquarters in Westchester County, New York. Any work I did in New York at that time, however, related solely to my job at PBG; I have never engaged in any separate or "personal" business in New York. When that time was over I returned to

Atlanta, Georgia. Even during this period, however, I did not reside in New York State, but rather lived out of a hotel in Danbury, Connecticut.

(6) I have never owned real property in New York.

(7) During my career at PBG I have always been a legal resident of either North Carolina or Georgia. I have never claimed New York State as my residence, and never voted in New York. Subsequent to the brief stint during which I worked at PBG's corporate headquarters I have visited New York on only a few occasions, and never in regard to anything having to do with the events apparently underlying this case.

(8) I have never had any communications with any representative of plaintiffs from or in the state of New York.

(9) I have read the complaint in this matter and have attempted to understand what it is that the plaintiffs claim I did wrong, and why they believe that I somehow am an appropriate defendant personally in this case. As far as I understand it plaintiffs rely upon a brief contact that one of their representatives had with me when I was attending a PBG promotional event in Miami, Florida in 2007, to which local PBG customers were invited. At the time I was the Director of Multicultural Marketing for PBG in the Southeastern Business Unit, which territory does not include New York. It is not unusual that I would visit different states/cities within my region. As best I recall NASCAR race driver Jeff Gordon was having a "meet and greet" with various people at that event in Florida, and I believe Mr. Felix Yero, the Chief Operations

3

Officer of a restaurant called "Hip Hop Grub Spot", wound up saying hello to me in connection with that event.

(10)    I understand from reading the complaint that the plaintiffs also make various allegations involving Gregory Johnson. From having worked with Mr. Johnson I understand that he also was employed during the relevant time by PBG, not PepsiCo, as a Food Service Territory Representative for the South Florida area.

(11)    At the time I understood that PBG had some standard business dealings with plaintiffs' restaurant, which was called "Hip Hop Grub Spot," in which they sold Pepsi products, and had a cooler installed. Given the nature of my position, I was, of course, happy to assist in helping that restaurant sell Pepsi products.

(12)    As best I can tell, plaintiffs appear to claim in their complaint that I was somehow encouraging them to believe that PepsiCo (for which I did not even work) would not simply help them sell Pepsi products, but also would invest in their proposed restaurant chain, which they apparently intended to market under the "Hip Hop Grub Spot" name. The email to which plaintiffs refer in their complaint and have attached as Exhibit "E", however, has nothing whatsoever to do with any <u>investment</u> in a restaurant or restaurant chain. It merely reflects a rather standard reference to the fact that my employer - - PBG, <u>not</u> the corporate defendant here, PepsiCo - - was always happy to assist business partners in selling more of Pepsi's products. There plainly is nothing in the email suggesting that PepsiCo - - which was not even my

4

employer at the time - - intended to make an investment in the restaurant/ proposed restaurant chain itself.

(13)    PBG does not go forward and invest in other people's businesses based upon a five minute exchange of pleasantries at a NASCAR promotional event. If PBG had intended to go ahead and invest in another business, PBG, as I suspect would be the case with most companies, would enter into a formal contractual agreement. To my knowledge no such contract ever existed here.

(14)    Given all the above, it is difficult for me to understand why the plaintiffs have dragged me into this lawsuit. I did not work for the defendant PepsiCo during the relevant period, I did not enter on behalf of PepsiCo, PBG, or anyone else, into any contract with the plaintiffs agreeing to invest in their restaurant, or proposed restaurant chain, and my sole, brief conversation with a representative of the plaintiffs took place in Florida, not in the state of New York.

(15)    Under all these circumstances, and fully reserving any other defenses that I may have in this matter, I do not believe that the plaintiffs have any basis to drag me into a lawsuit in New York, and I respectfully ask this Court to grant my motion to dismiss me from this case on jurisdictional grounds.

_____
LaMonte Jones

Sworn to before me this 14th
day of July, 2010

_____
Notary Public

Commission Exp: July 10, 2013

5