UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYNTEGRAL CONSULTING
CORPORATION, d/b/a HIP HOP GRUBSPOT,
a Florida corporation and MIRIAM CHERY,

            Plaintiffs,

  -against-

KEITH CLINKSCALES, LAMONTE JONES,
V. BROWN COMPANY, a New York
corporation d/b/a KTC VENTURES, INC.,
PEPSICO, INC., a North Carolina corporation,
and ESPN, INC., a Delaware corporation,

            Defendants.
------------------------------------------------------------X

Civil Action No.
10-Civ-1847(CM)(HBP)

## DEFENDANT KEITH CLINKSCALES'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Edward H. Rosenthal
Amelia K. Seewann

FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
aseewann@fkks.com

*Attorneys for Defendant
Keith Clinkscales*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND........................................................................................................2

PROCEDURAL HISTORY...........................................................................................................3

ARGUMENT.................................................................................................................................4

POINT I - THE SAC MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)
AND 28 U.S.C. § 1332 FOR LACK OF SUBJECT MATTER JURISDICTION ...........4

POINT II - THE SAC MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6)
AND 8(a)(2) FOR FAILURE TO STATE A CAUSE OF ACTION ................................5

    A.    SCC's Contractual Claims Must Be Dismissed........................................................6

    B.    SCC's Tortious Interference Claim is Facially Deficient ........................................7

    C.    Plaintiffs Have Failed to State A Claim For Detrimental Reliance .......................8

    D.    SCC's Fraudulent Misrepresentation Claim Must Be Dismissed...........................9

    E.    SCC Has Not Plead a Viable Claim for Conversion...............................................9

    F.    SCC's *Quantum Meruit* Claim Against Clinkscales Must Be Dismissed ..........10

POINT III - IN THE ALTERNATIVE, CLINKSCALES MOVES PURSUANT TO FED. R.
CIV. P. 12(e) FOR A MORE DEFINITE STATEMENT ................................................11

CONCLUSION............................................................................................................................12

i

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Amorosa v. Ernst & Young LLP,*
  682 F. Supp. 2d 351 (S.D.N.Y. 2010) ......................................................................................... 9

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) .................................................................................................... 1, 5, 6

*Barber v. U.S. Atty's Office for the N. Dist.,*
  168 Fed. Appx. 504 (2d Cir. 2006) ............................................................................................. 5

*Bd. of Trustees, Laborers' Local No. 35 Pension Fund v. Grates Bldg. Enters., Inc.,*
  No. 04-CV-1450, 2006 WL 2811811 (N.D.N.Y. Sept. 28, 2006) ............................................. 11

*Bell Atl., Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................................................ 1, 6

*Bergman v. Sugo LLC,*
  580 F. Supp. 2d 191 (S.D.N.Y. 2008) ........................................................................................ 6

*Boccardi Capital Sys., Inc. v. D.E. Shaw Laminar Portfolios, LLC,*
  355 Fed. Appx. 516 (2d Cir. 2009) ............................................................................................ 7

*Cal Dist. Inc. v. Cadbury Schweppes Am. Beverages, Inc.,*
  No. 06-CV-496, 2007 WL 54534 (S.D.N.Y. January 5, 2007) ................................................ 7

*First Investors Corp. v. Liberty Mut. Ins. Co.,*
  152 F.3d 162 (2d Cir. 1998) ....................................................................................................... 6

*Leibowitz v. Cornell Univ.,*
  584 F.3d 487 (2d Cir. 2009) ..................................................................................................... 10

*Liddle & Robinson, LLP v. Garrett,*
  No. 08-CV-2965, 2010 WL 2628656 (S.D.N.Y. July 1, 2010) .................................................. 6

*Lupo v. Human Affairs Int'l, Inc.,*
  28 F.3d 269 (2d Cir. 1994) ......................................................................................................... 5

*Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank,*
  392 F.3d 520 (2d Cir. 2004) ....................................................................................................... 7

*Pell v. Pall Corp.,*
  No. 07-CV-92, 2007 WL 2445217 (E.D.N.Y. Aug. 20, 2007) ............................................. 2, 11

*Premium Mortgage Corp. v. Equifax, Inc.*,
   583 F.3d 103 (2d Cir. 2009) ............................................................................................... 7

*Singapore Tong Teik Pte Ltd. v. Coppola*,
   No. 04-CV-3440, 2007 WL 2375796 (E.D.N.Y. Aug. 17, 2007) ...................................... 10

*Vapac Music Pub'g, Inc. v. Tuff "N" Rumble Mgmt.*,
   No. 10656, 2000 WL 1006257 (S.D.N.Y. July 19, 2000) .................................................. 2

### State Cases

*Adams v. Washington Group, LLC*,
   11 Misc. 3d 1083(A), 810 N.Y.S.2d 846 (N.Y. Sup. Ct. 2006) ........................................ 8

*Lama Holding Co. v. Smith Barney Inc.*,
   88 N.Y.2d 413, 646 N.Y.S.2d 76 (N.Y. 1996) ................................................................... 7

*Priolo Comms., Inc. v. MCI Telecomms. Corp.*,
   248 A.D.2d 453, 669 N.Y.S.2d 376 (2d Dep't 1998) ....................................................... 10

*Rosenberg v. Home Box Office, Inc.*,
   33 A.D.3d 550, 822 N.Y.S.2d 921 (1st Dep't 2006) ......................................................... 8

*Thome v. Alexander & Louisa Calder Found.*,
   70 A.D.3d 88, 890 N.Y.S.2d 16 (1st Dep't 2009) ............................................................. 8

*Vermeer Owners, Inc. v. Guterman*,
   78 N.Y.2d 1114, 578 N.Y.S.2d 128 (N.Y. 1991) .............................................................. 9

*Zendler Constr. Co., Inc. v. First Adjustment Group, Inc.*,
   59 A.D.3d 439, 873 N.Y.S.2d 134 (2d Dep't 2009) ........................................................ 10

### Federal Statutes

28 U.S.C. § 1332 ................................................................................................................ 1, 4, 5

Defendant Keith Clinkscales ("Clinkscales"), by and through his attorneys, respectfully submits this memorandum of law in support of his motion to dismiss the Second Amended Complaint (the "SAC") filed by plaintiffs Syntegral Consulting Corporation d/b/a Hip Hop Grubspot ("SCC") and Miriam Chery ("Chery") (SCC and Chery, each a "Plaintiff;" collectively, the "Plaintiffs") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), or in the alternative, for a more definite statement.

## PRELIMINARY STATEMENT

The SAC must be dismissed for two reasons.

*First*, the SAC must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs allege that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Though Plaintiffs have alleged diversity of citizenship between the parties, Plaintiffs have failed to show that "the matter in controversy exceeds the sum or value of $75,000," as required under 28 U.S.C. § 1332. Thus, Plaintiffs have failed to carry their burden to establish subject matter jurisdiction over their claims and the SAC must be dismissed in its entirety.

*Second*, the SAC must be dismissed under Fed. R. Civ. P. 12(b)(6) and 8(a)(2) because none of the nine causes of action alleged therein state a claim for relief that is "plausible on its face" as mandated by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl., Corp. v. Twombly*, 550 U.S. 544 (2007). These cases hold that a complaint can only survive a motion to dismiss when the "pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940; *see Twombly*, 550 U.S. at 556. The plaintiff cannot meet this burden by "a formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949, *Twombly*, 550 U.S. at 555.

Here, Plaintiffs have failed to plead facts that would allow this Court to draw a reasonable inference that Clinkscales is liable to Plaintiffs on any one of the nine causes of action alleged in the SAC. Thus, the SAC must be dismissed as to Clinkscales.

Should the Court find that any one of Plaintiffs' claims survive Clinkscales's Fed. R. Civ. P. 12(b) challenge, Clinkscales moves in the alternative under Fed. R. Civ. P. 12(e) for a more definite statement. *See* Fed. R. Civ. P. 12(e); *Vapac Music Pub'g, Inc. v. Tuff "N" Rumble Mgmt.*, No. 10656, 2000 WL 1006257, at *7 (S.D.N.Y. July 19, 2000) (granting FRCP 12(e) motion); *Pell v. Pall Corp.*, No. 07-CV-92, 2007 WL 2445217, at *4 (E.D.N.Y. Aug. 20, 2007) (same). The SAC is so vague and ambiguous that Clinkscales cannot comprehend Plaintiffs' statement of facts and thus cannot understand what Plaintiffs allege Clinkscales did or did not do. Because the SAC is unintelligible, it would be prejudicial to require Clinkscales to attempt to answer it. Thus, if the Court does not dismiss the Complaint, it should require Plaintiffs to file a more definite statement specifying the factual basis for each of Plaintiffs' nine causes of action alleged in the SAC.

## FACTUAL BACKGROUND

Simply put, the facts alleged in the SAC are incomprehensible.

Plaintiffs appear to allege that SCC is a business consulting company that also does business as Hip Hop Grubspot ("HHGS"), which is a fast food business venture inspired by hip hop music. SAC (attached as Exhibit A to the Declaration of Amelia K. Seewann ("Seewann Decl."), dated July 15, 2010) ¶¶ 1, 15, 22. Chery is alleged to be a student at Florida A&M University ("FAMU") and a former restaurant manager at HHGS. *Id.* ¶¶ 2, 39.

Plaintiffs allege that Clinkscales is Chairman of KTC Ventures, Inc., a board member of FAMU Foundation, Inc., a member of PepsiCo African American Advisory Board, and a Senior Vice President at ESPN, Inc. *Id.* ¶ 3.

2

Plaintiffs make numerous allegations concerning a business venture whereby in 2004, SCC was hired as a business consultant to rebrand Champion Lyte Holdings, Inc. ("CPL"), a sports drink manufacturer, to be a competitor of Vitamin Water. *Id.* ¶ 15. Plaintiffs appear to allege that Clinkscales attended some meetings in connection with that business venture, but do not appear to be basing any of their causes of action on any conduct by Clinkscales in connection with CPL.

Plaintiffs next make various allegations concerning HHGS, a hip hop fast food venture that was proposed as a business opportunity to FAMU National Alumni Association, Inc. ("FAMU NAA"). *See* SAC ¶¶ 17-40. Plaintiffs appear to allege that, in connection with his relationship with his *alma mater*, Clinkscales made unspecified "promises and reassurances" of PepsiCo's and Disney's support in the hip hop fast food venture. *Id.* ¶ 26. It is unclear from the SAC what Clinkscales supposedly said, whether PepsiCo or Disney ever provided support to Plaintiffs and what, if anything, Plaintiffs did in reliance on any "promises and reassurances" made by Clinkscales.

## PROCEDURAL HISTORY

On March 9, 2010, Corrie D. Boddie, Esq. filed a complaint commencing this action against the defendants, naming FAMU NAA, SCC and Chery as plaintiffs. *See* Complaint (Seewann Decl., Ex. B). On March 16, 2010, Mr. Boddie filed an amended complaint. Amended Complaint (Seewann Decl., Ex. C).

On March 17, 2010, David Andrew Byrne, Esq. filed a notice of appearance on behalf of FAMU NAA and a notice of voluntary dismissal against all defendants and motion for sanctions against Mr. Boddie for the unauthorized filing of this action. Notice of Appearance (Seewann Decl., Ex. D); Notice of Voluntary Dismissal and Motion for Sanctions (Seewann Decl., Ex. E). On March 25, 2010, the Court held a hearing to determine who was authorized to represent

3

FAMU NAA. At that hearing, this Court held that Mr. Boddie was not authorized to represent FAMU NAA and substituted Mr. Byrne as counsel for that entity. *See* Transcript of March 25, 2010 Hearing, at 22 (Seewann Decl., Ex. F). By Order dated April 26, 2010, the Court accepted Mr. Byrne's Notice of Appearance and Notice of Voluntary Dismissal against all defendants and taxed Mr. Boddie with the costs and attorneys' fees incurred by FAMU NAA in intervening in the action. Order dated April 26, 2010 (Seewann Decl., Ex. G).

On March 29, 2010, Mr. Boddie filed the SAC, which is currently the operative complaint in the action. SAC (Seewann Decl., Ex. A). The SAC alleges nine causes of action against all defendants, including Clinkscales. *Id.* SCC alleges the following eight causes of action: (i) breach of express/implied-in-fact contract, (ii) breach of covenant of good faith and fair dealing, (iii) detrimental reliance, (iv) tortious interference, (v) breach of fiduciary duty of loyalty, (vi) fraudulent misrepresentation, (vii) conversion and (viii) *quantum meruit*. *Id.* Chery alleges one cause of action against defendants for detrimental reliance. *Id.*

## ARGUMENT

For the reasons set forth below, Plaintiffs' SAC against Clinkscales should be dismissed in its entirety.

## POINT I

### THE SAC MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 28 U.S.C. § 1332 FOR LACK OF SUBJECT MATTER JURISDICTION

The Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction. As discussed below, Plaintiffs have failed to carry their burden to establish that their claims meet the minimal jurisdictional amount in controversy under 28 U.S.C. § 1332.

4

To plead subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, the plaintiff must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The plaintiff, as the party asserting diversity jurisdiction, bears the burden of alleging facts essential to show jurisdiction. *See, e.g., Barber v. U.S. Atty's Office for the N. Dist.*, 168 Fed. Appx. 504, 506 (2d Cir. 2006) (no diversity jurisdiction because plaintiff failed to sufficiently plead amount in controversy); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (same).

Here, Plaintiffs have failed to carry this burden. The SAC does not contain any allegation that the matter in controversy exceeds $75,000. In fact, Plaintiffs have not assigned any monetary value to their claims in the SAC. The *ad damnum* clause of the SAC does not set forth any specific monetary demand; instead it demands that Defendants "pay to Plaintiffs such damages as Plaintiffs have sustained" and "account for" the "gains, profits and advantages derived by Defendants." SAC (Seewann Decl., Ex. A) p. 40. There is no allegation in the SAC establishing that Plaintiffs' alleged damages are in excess of $75,000.

In sum, Plaintiffs have not alleged facts establishing subject matter jurisdiction under 28 U.S.C. § 1332. Thus, the SAC must be dismissed.

### POINT II

### THE SAC MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 8(A)(2) FOR FAILURE TO STATE A CAUSE OF ACTION

Each of Plaintiffs' nine claims against Clinkscales contained in the SAC must be dismissed under Fed. R. Civ. P. 12(b)(6) and 8(a)(2) for failure to state a claim upon which relief can be granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

Under *Iqbal* and *Twombly*, the court reviewing a motion to dismiss should first identify the allegations that are mere conclusions; those conclusions must be set aside because they cannot be assumed to be true. *See Iqbal*, 129 S. Ct. at 1951; *Twombly*, 550 U.S. at 555. The court must then consider the factual allegations in the complaint to determine if they "plausibly suggest an entitlement to relief." *Iqbal*, 129 S. Ct. at 1951. Making this determination requires the court to "draw on its judicial experience and common sense." *Id.* at 1950.

As shown below, none of Plaintiffs' nine causes of action states a claim that is plausible on its face. Therefore, Plaintiffs' SAC must be dismissed in its entirety as against Clinkscales.

A.    SCC's Contractual Claims Must Be Dismissed

To state a claim for breach of contract, a plaintiff must allege facts establishing: (i) a contract, (ii) performance of the contract by one party, (iii) breach by the other party and (iv) damages. *See, e.g., First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998); *Liddle & Robinson, LLP v. Garrett*, No. 08-CV-2965, 2010 WL 2628656, at *6 (S.D.N.Y. July 1, 2010). Allegations that state in a conclusory manner that an agreement was breached cannot sustain a breach of contract claim. *See, e.g., Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

The SAC contains no factual allegations to support a reasonable inference that Clinkscales breached an agreement, either express, or implied-in-fact, with SCC. Specifically, the SAC does not contain any factual allegations establishing: (i) the existence of an agreement

6

between SCC and Clinkscales, (ii) the terms of such an agreement, including what Clinkscales promised to do and when, and (iii) a breach by Clinkscales of any such contract with Plaintiffs.[1]

SCC's claim for breach of the covenant of good faith and fair dealing must also be dismissed. Under New York law, breach of the implied duty of good faith and fair dealing is merely a breach of the underlying contract and does not give rise to an independent cause of action. *See Boccardi Capital Sys., Inc. v. D.E. Shaw Laminar Portfolios, LLC*, 355 Fed. Appx. 516, 519 (2d Cir. 2009); *see Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004).

Similarly, SCC has failed to sufficiently allege a cause of action for "breach of fiduciary duty of loyalty" against Clinkscales. SCC does not allege any facts to show that Clinkscales owed a duty of fiduciary duty or a duty of loyalty to SCC. Moreover, a cause of action for breach of a fiduciary duty which is merely duplicative of a breach of contract claim cannot stand. *See Cal Dist. Inc. v. Cadbury Schweppes Am. Beverages, Inc.*, No. 06-CV-496, 2007 WL 54534, at *9 (S.D.N.Y. Jan. 5, 2007). Thus, SCC's claim for breach of fiduciary duty of loyalty must be dismissed as against Clinkscales.

B.   SCC's Tortious Interference Claim is Facially Deficient

SCC's cause of action against Clinkscales for tortious interference is deficient as a matter of law. In New York, a claim for tortious interference with contract requires, *inter alia*, an "intentional procurement of the third-party's breach of the contract without justification." *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 107 (2d Cir. 2009); *see Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 82 (N.Y. 1996). Here, SCC

---

[1] To the extent that the SAC includes allegations that the "Investment Committee," which apparently is or was part of the FAMU NAA (*see* SAC ¶ 16), entered into "contracts" with third parties (*see, e.g., id.* ¶¶ 28, 31, 34, 35), such allegations do not support Plaintiffs' breach of contract claims against Clinkscales.

7

does not claim that Clinkscales intentionally procured a third-party's breach of an agreement with SCC. Rather, SCC's "tortious interference" claim alleges that, due to defendants' conduct, SCC is unable to perform *its own obligations* under agreements with third parties. SAC ¶ 61. SCC's claim is therefore not cognizable in law as a tortious interference claim and must be dismissed.

### C. Plaintiffs Have Failed to State A Claim For Detrimental Reliance

Neither SCC nor Chery state a claim for detrimental reliance against Clinkscales. New York law does not recognize an independent cause of action for detrimental reliance; rather detrimental reliance is just one element of other causes of action such as promissory estoppel. *See, e.g., Adams v. Washington Group, LLC*, 11 Misc. 3d 1083(A), 810 N.Y.S.2d 846 (N.Y. Sup. Ct. 2006). To state a claim for promissory estoppel, the plaintiff must allege a clear and unambiguous promise to the plaintiff by the defendant upon which reasonable, detrimental reliance has been placed by the plaintiff. *See, e.g., Rosenberg v. Home Box Office, Inc.*, 33 A.D.3d 550, 550, 822 N.Y.S.2d 921 (1st Dep't 2006), leave to appeal denied, 8 N.Y.3d 804, 830 N.Y.S.2d 700 (claim dismissed where plaintiff failed to plead a promise by the defendant or reasonable detrimental reliance on any such promise); *Thome v. Alexander & Louisa Calder Found.*, 70 A.D.3d 88, 890 N.Y.S.2d 16, 28 (1st Dep't 2009) (dismissing claim where plaintiff failed to allege facts supporting an inference of detrimental reliance). Though Plaintiffs make bare allegations of detrimental reliance, those allegations must be disregarded as conclusory under *Iqbal* and *Twombly*. Plaintiffs plead no facts showing that Clinkscales made any specific promises to Plaintiffs,[2] what Plaintiffs did in reliance on such promises, or that any reliance thereon was reasonable. Thus, Plaintiffs' detrimental reliance claims must be dismissed.

---

[2] Indeed, Chery does not even allege that she ever spoke to Clinkscales.

D. SCC's Fraudulent Misrepresentation Claim Must Be Dismissed

SCC's cause of action against Clinkscales for fraudulent misrepresentation must be dismissed. To state a claim for fraudulent misrepresentation, a plaintiff must allege: (i) a representation of a material fact, (ii) falsity at the time it was made, (iii) scienter, (iv) reliance and (v) injury. *See, e.g., Vermeer Owners, Inc. v. Guterman*, 78 N.Y.2d 1114, 1116, 578 N.Y.S.2d 128, 129-30 (N.Y. 1991).

Claims sounding in fraud must also meet the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). To comply with Fed. R. Civ. P. 9(b), a complaint "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 360 (S.D.N.Y. 2010) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)).

SCC has not identified any statements of material fact by Clinkscales to SCC that were false when made and known by Clinkscales to be false. Neither has SCC satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b). The SAC does not specify which statements by Clinkscales were allegedly fraudulent, when these statements were made, and why they were fraudulent. Moreover, SCC's allegations are also deficient because a fraud claim cannot lie where it is based on the same allegations set forth in a breach of contract claim. *See, e.g., Cal Dist. Inc.*, 2007 WL 54534, at *8. Accordingly, SCC's fraudulent misrepresentation claim must be dismissed.

E. SCC Has Not Plead a Viable Claim for Conversion

SCC's conversion claim must be dismissed. To state a cause of action for conversion, a plaintiff must allege: "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant[s] exercised an unauthorized dominion over such funds

9

to the exclusion of the plaintiff's rights." *Zendler Constr. Co., Inc. v. First Adjustment Group, Inc.*, 59 A.D.3d 439, 440, 873 N.Y.S.2d 134, 136 (2d Dep't 2009) (internal quotation omitted); *Cal Dist. Inc.*, 2007 WL 54534, at *11; *Singapore Tong Teik Pte Ltd. v. Coppola*, No. 04-CV-3440, 2007 WL 2375796, at *3 (E.D.N.Y. Aug. 17, 2007). Allegations of conversion cannot merely be predicated on a breach of contract. *Singapore Tong Teik Pte Ltd.*, 2007 WL 2375796, at *4; *Priolo Comms., Inc. v. MCI Telecomms. Corp.*, 248 A.D.2d 453, 454, 669 N.Y.S.2d 376, 377 (2d Dep't 1998).

The SAC fails to state a claim for conversion against Clinkscales. There are no allegations in the SAC identifying any funds to which SCC had legal ownership. Moreover, there are no allegations that Clinkscales exercised any control over those funds in an unauthorized manner. Therefore, this claim must be dismissed.

F.  SCC's *Quantum Meruit* Claim Against Clinkscales Must Be Dismissed

The SAC does not contain any facts to support a plausible claim by SCC against Clinkscales for *quantum meruit*. To state a claim for *quantum meruit*, a plaintiff must allege: "(1) the performance of services in good faith, (2) the acceptance of services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 509 (2d Cir. 2009) (quoting *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005)). There is no allegation that Clinkscales accepted any services performed by SCC or that Clinkscales received any value for any services provided by SCC. Thus, this claim must be dismissed.

## POINT III

## IN THE ALTERNATIVE, CLINKSCALES MOVES PURSUANT TO FED. R. CIV. P. 12(E) FOR A MORE DEFINITE STATEMENT

Should any of Plaintiffs' claims survive Clinkscales's motion to dismiss, Clinkscales moves in the alternative under Fed. R. Civ. P. 12(e) for a more definite statement. Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions should be granted where the "complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant in attempting to answer it." *Vapac Music Pub'g, Inc.*, 2000 WL 1006257, at *7 (granting Fed. R. Civ. P. 12(e) motion); *Pell*, 2007 WL 2445217, at *3-*4 (same); *Bd. of Trustees, Laborers' Local No. 35 Pension Fund v. Grates Bldg. Enters., Inc.*, No. 04-CV-1450, 2006 WL 2811811, at *4 (N.D.N.Y. Sept. 28, 2006) (same).

The SAC is, in a word, unintelligible. For the most part, the SAC is forty pages of namedropping and ramblings concerning irrelevant matters, largely concerning non-parties and FAMU NAA, which is no longer a party to this action. Most distressing is Plaintiffs' failure to set forth what actions or inactions by *Clinkscales* are alleged to have caused Plaintiffs harm. Nor can Clinkscales understand the nature of Plaintiffs' alleged injuries. Clinkscales cannot reasonably be expected to admit or deny claims that are incomprehensible. At a bare minimum, Plaintiffs must provide Clinkscales with a more definite statement of the facts underpinning each and every one of Plaintiffs' claims that withstand Clinkscales's motion to dismiss, specifying: (i) the specific actions or inactions by Clinkscales that are complained of, and (ii) the harm caused to Plaintiffs thereby.

## CONCLUSION

For the foregoing reasons, Clinkscales respectfully requests that this Court enter an Order: (i) granting Clinkscales's motion to dismiss in its entirety, dismissing Clinkscales from this action, or, in the alternative, granting Clinkscales's motion for a more definite statement; and (ii) for such other and further relief as the Court deems proper.

Dated: New York, New York
July 15, 2010

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal
Amelia K. Seewann

488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Facsimile: (212) 593-9175
Email: erosenthal@fkks.com
aseewann@fkks.com

*Attorneys for Defendant Keith Clinkscales*

## CERTIFICATE OF SERVICE

I certify that, on July 15, 2010, I caused to be served a true and correct copy of the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: July 15, 2010

*/s/ Amelia S.*

Amelia K. Seewann
Frankfurt Kurnit Klein
   & Selz, P.C.
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 980-0120
Facsimile:  (212) 593-9175
Email:  aseewann@fkks.com